# STERLING P. COLE v. WILLIAM J. MUELLER, Appellant.

### Division Two, March 30, 1905.

1. **CONVEYANCE: Description by Area.** While the quantity of land called for by a deed will not control if inconsistent with the actual area of the premises conveyed, yet it is a part of the description, and in construing the deed all its parts should be considered, and the deed construed most favorably to the grantee.

2. ———: ———: **Substantial Evidence.** Where the deed calls for a certain number of acres more or less, and there are two boundary lines either of which conforms to the call used in the description, that one should be chosen which would embrace the number of acres designated in the deed, if there is substantial evidence to show it was the one meant.

3. ———: ———: **Two Boundary Lines.** A deed called for ten acres, more or less, and said the land was "bounded on the north and west by land formerly owned by Cole," and deeds offered in evidence showed that about half the ten-acre tract on that side formerly belonged to Cole, but it was also shown that Cole also had previously owned a much larger tract on that side, and that if this last tract were determined upon as fixing the boundary line the quantity of land conveyed would be ten acres. *Held,* that the grantor is presumed to have intended to convey the number of acres specified in the conveyance, and that the latter boundary line was the one meant by the words used.

4. ———: **Construed Against Grantor.** Where the description is uncertain it is to be construed most favorably to the grantee and most strongly against the grantor.

5. **EJECTMENT: Finding of Fact: Appellate Practice.** Where there was substantial evidence supporting the finding of fact by the trial judge sitting as a jury, that by indefinite words of description used in a deed a certain boundary line was meant, the Supreme Court will not on appeal disturb that finding.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

Affirmed.

*Kleinschmidt & Reppy* for appellant.

(1)   Without an express averment or covenant as to quantity of land in a deed, it will always be regarded as part of the description merely, and will be rejected if inconsistent with the actual area of the premises, if the same is indicated and ascertained by known monuments and boundaries.  Campbell v. Johnson, 44 Mo. 247; Bricken v. Cross, 163 Mo. 450; Whittelsy v. Kellogg, 28 Mo. 404; Orrick v. Bower, 29 Mo. 210; Mires v. Summerville, 85 Mo. App. 183; 4 Kent, Com., 466; 3 Washburn on Real Property (4 Ed.), 402.   (2)  The rule of construction, that deeds must be construed most strongly against those executing them, should not be invoked until all other rules fail.  Rules of construction are framed to be used as aids in arriving at the intention of the parties to the instrument to be construed. This intention, if consistent with the rules of law, must be carried out.   Biddle v. Vandeventer, 26 Mo. 500; 3 Washburn (4 Ed.), 397; 4 Am. and Eng. Ency. Law (2 Ed.), 802.   (3)  In construing a deed the court must place itself in the situation occupied by the parties at the time of the execution of the instrument.  Speed v. Railroad, 163 Mo. 125.   (4)  Bounding by another's land means along the line of such land.  3 Washburn on Real Property (4 Ed.), 403; Peaslee v. Gee, 19 N. H. 273; Bailey v. White, 41 N. H. 343.

*Byrns & Bean* for respondent.

(1)   It is not the province of this court to determine the facts.  The court tried the case on the proper theory, and this court will not interfere on the question of the weight of the evidence.  Hamilton v. Boggess, 63 Mo. 252; Sutter v. Rader, 149 Mo. 307.   (2)  The northern and western boundary of plaintiff's land was purely a question of fact and appellant is bound by the verdict of the trial court.  What the boundaries of a given tract of land are is for the court.  Where they

are is a question for the jury. 4 Am. and Eng. Ency. Law (2 Ed.), 809; Shuly v. Lindell, 40 Mo. 354.

FOX, J.—The plaintiff brought this suit in eject-ment in the circuit court of Jefferson county, Missouri, by petition, in the usual form, for the recovery of the following described real estate, situate in the county of Jefferson, State of Missouri, to-wit: The north part of the southeast part of the northwest quarter of northeast quarter of section 31, township 39, range 5 east, more particularly described as follows: Begin-ning at a point on the east line of said tract sixty-four links north of the southeast corner thereof; thence north nine chains and ten links; thence west four chains and sixty links to center of road, from which the north-east corner of the foundation wall of the storehouse bears south 85.5 degrees east, 42.75 links distant; thence south 48.5 degrees west, 8 chains and 40 links to a cedar post corner; thence south 65 degrees east, 11 chains and 10 links, to place of beginning, containing 5 acres more or less; also sixty-five one-hundredths of an acre in south part of said tract inclosed by defendant's rail fence.

To this petition the defendant filed his answer, be-ing a general denial of the allegations of plaintiff's pe-tition. A jury being waived by both parties, the case was tried before the court.

It was agreed that John C. Cole was the common source of title.

The plaintiff to sustain the issues on his part, of-fered in evidence a deed dated the 22d day of October, 1888, from John C. Cole to S. P. Cole, recorded in the recorder's office of Jefferson county, Missouri, in book 32, page 147, which deed, among other property, con-veyed to the plaintiff the following described real es-tate, situate in the county of Jefferson in the State of Missouri, to-wit: Also ten acres more or less in the southeast corner of the northwest quarter of the north-

east quarter, and more particularly described as being bounded on the north and west by land formerly owned by Salathiel Cole, on the south by land of grantor, and on the east by the line dividing the northeast and northwest quarters of the northeast quarter, all in section thirty-one, township thirty-nine north, range five east.

Plaintiff testified that he was a son of John C. Cole and moved onto the property in question right after his father gave him the deed, and lived there until 1892; that his father died in 1891; that after he left, Mrs. Farrar took possession, and then Mueller; that defendant, W. J. Mueller, was in possession of the property.

It is admitted that the five acres of land involved in this suit formerly belonged to Salathiel Cole. The facts disclosed by the record make it apparent that neither plaintiff nor Mrs. Farrar, his sister, both of whom were children of John C. Cole, knew where the lines were which embrace the land in their respective deeds, under which they claim, and it is also manifest from this testimony that neither of them makes claim to any land except such as is conveyed by their respective deeds. Hence, the testimony of plaintiff or his sister, Mrs. Farrar, furnishes no aid in the solution of the questions involved.

J. B. Dover testified that he was deputy county surveyor and had been county surveyor forty-two years; that he surveyed the land in suit, and made the survey from the deed of John C. Cole to Sterling P. Cole, introduced in evidence by plaintiff, and that the land in question is included in that deed.

Defendant offered in evidence deed dated September 9, 1843, recorded in the recorder's office of Jefferson county, Missouri, in book F, at page 435, which deed is a deed wherein the interests of Jonathan Smith, John C. Cole and Salathiel Cole as tenants in common are divided, Jonathan Smith and wife conveying to John C. Cole and Salathiel Cole all of the west half of the

northeast quarter of section thirty-one, township thirty-nine, range five east, south of the Selma road, while the said John C. Cole and Salathiel Cole and their wives conveyed to Jonathan Smith all of the land in west half of the northeast quarter of section 31 aforesaid, north of the Selma road.

Defendant further offered deed from Salathiel Cole and wife to John C. Cole, dated January 18, 1854, and recorded in the recorder's office aforesaid on April 18, 1854, in book M, at page 102, of said records, by which deed Salathiel Cole conveyed to John C. Cole his undivided interest in and to the west half of the northeast quarter of section 31, aforesaid, whereon the mill is situate, etc., and being the same land acquired by them from James M. White and Jonathan Smith, etc.

Defendant next offered a deed from John C. Cole and wife to Salathiel Cole for five acres of land, and which is the land in suit.

Defendant next offered the following deeds:

Deed from Jonathan Smith to Julius H. Baldwin, by which deed Smith conveyed to Baldwin "also a tract of 25 acres more or less, being the northeast part of a tract of 80 acres, being the west half of the northeast quarter of section 31 aforesaid."

Deed from Baldwin to Mathias Lepp, conveying same 25 acres more or less.

Deed from Mathias Lepp and wife to Salathiel Cole, conveying same 25 acres.

By sheriff's deed, the northwest quarter and the northeast quarter of section 31, township 39, range 5 east, except what is owned by J. C. Cole, is conveyed by the sheriff under execution to John C. Cole as the property of Salathiel Cole.

By trustee's deed under sale, W. J. Williams, as trustee, conveys to John C. Cole, among other lands, the west half of the northeast quarter of section thirty-one, township 39, range 5 east, containing 35 acres;

this sale being under and by virtue of a deed of trust executed in 1879 by Salathiel Cole and wife to secure payment to John C. Cole and Thomas J. Donnell of the promissory note therein described.

By deed the plaintiff in this action and other heirs of John C. Cole, conveyed to Sarah C. Farrar, also one of the heirs of John C. Cole, among other land, all of the northwest quarter of the northeast quarter of section 31, township 39, range 5 east, that was not conveyed to Sterling P. Cole by J. C. Cole in his lifetime, containing 30 acres.

By deed Sarah C. Farrar conveyed the last above-described property to the defendant, W. J. Mueller, who, as testified to, was in possession at the time of the trial.

Mrs. Sarah C. Farrar testified on behalf of defendant, that she is a daughter of John C. Cole, and the person mentioned as grantee in deed from the heirs of John C. Cole. Witness further testified that she moved into the house on the premises in controversy as a tenant of her father, John C. Cole, and that after the execution of the deed to her from the other heirs of John C. Cole, she supposed that the house belonged to her, and understood that the house wherein she resided was the house where Salathiel Cole lived. On cross-examination witness stated that she did not know where the lines were, and that she only claimed thirty acres and did not intend to claim any of the land that was deeded to Sterling P. Cole.

Phillip Reilly, county surveyor, testified that the land which defendant has possession of is the land conveyed by John C. Cole to Salathiel Cole; that he made a survey of the northwest quarter of the northeast quarter of section 31, and that defendant Mueller is not now in possession of any other land in said quarter section except that deeded to Salathiel Cole by John C. Cole. On cross-examination, Mr. Reilly testified that the land lying southeast of Selma road contains 9.97

acres; he further says that he did not run the old Selma. road clear through the section.

At the close of the whole case the defendant asked the following declaration of law which was by the court given:

"The court declares the law to be: That the quantity of land mentioned in the deed from John C. Cole to S. P. Cole is to be regarded as part of the description only, and is to be rejected if it be inconsistent with the actual area of the premises conveyed by said deed if the same is indicated and ascertained by known monuments and boundaries."

Defendant also asked the court to give the following declaration of law, which was by the court refused:

"If the court believes and finds from the evidence that the land sued for in this cause formerly belonged to Salathiel Cole and was afterward conveyed by sheriff's deed to John C. Cole under execution against the said Salathiel Cole, and if the court further finds that the said John C. Cole afterward conveyed a tract of land to the plaintiff in the southeast part of the northwest quarter of the northeast quarter of the said section 31, township 39, range 5 east, and described the land as being bounded on the north and west by lands formerly owned by Salathiel Cole in said quarter section, then the plaintiff is not entitled to recover, even though the court should further find that the said tract so conveyed by John C. Cole to the plaintiff contains a less quantity than ten acres."

This cause was submitted to the court without a jury, and the finding was for the plaintiff and judgment rendered accordingly. From this judgment defendant prosecuted this appeal and the case is now before us for consideration.

## OPINION.

It is apparent from the record in this cause that the crucial question presented for our consideration is

what is meant by the north and west boundary line of the land conveyed to plaintiff by John C. Cole, in which the boundary is thus stated: "Bounded on the north and on the west by land formerly owned by Salathiel Cole."

Numerous deeds were introduced in evidence showing what land formerly belonged to Salathiel Cole.

The contention of appellant is that the five acres of land in suit formerly belonged to Salathiel Cole, and furnished the boundary line designated in the deed from John C. Cole to plaintiff. Plaintiff's contention is, that the land formely owned by Salathiel Cole, which he acquired from Mathias Lepp, furnished the northern and western boundary lines called for in the deed, upon which plaintiff relies for recovery.

Appellant insists that when you reach the boundary line of the five acres of land in suit, which is conceded to have formerly belonged to Salathiel Cole, you can go no further, and that must be taken as the boundary line intended by the grantor.

Upon this contention it must not be overlooked that the Mathias Lepp tract was formerly owned by Salathiel Cole, and furnished an equally definite boundary line as the five-acre tract in suit. Again, while the quantity of land called for in plaintiff's deed would not control, if inconsistent with the actual area of the premises conveyed, yet it is a part of the description, and in the interpretation of the deed all its parts should be considered, and the deed should be construed most favorably to the grantee. In locating this land, it is disclosed by the record that two different boundary lines would conform to the call as to the boundary line designated in the deed: the adoption of one limits the quantity of land to five acres; the other, to about ten acres. The deed calls for ten acres, more or less, and we take it that such deed should be so interpreted, if the testimony so warrants it, as to embrace the quantity of land mentioned. In other words, the entire pro-

visions of the deed should be made operative, and if there is any substantial testimony authorizing the fixing of the boundary line so as to embrace the quantity of land designated in the deed, then the appellate court would not feel warranted in disturbing such finding.

Where a description is uncertain, it is always construed most favorably to the grantee; it is assumed that the grantor is to blame if the description is left in doubt. [4 Am. and Eng. Ency. of Law (2 Ed.), 801, and cases cited.]

There was ample evidence in this cause to justify the finding of the trial court. The grantor, John C. Cole, in the deed to plaintiff, was the owner of the land located in that portion of the quarter section designated in the deed, and he is presumed to have intended to convey the number of acres specified in his conveyance, and while the designation of the number of acres would not convey that quantity, unless covered by the boundaries in the deed, yet the court in determining the boundary will construe the provisions of the deed most strongly against the grantor, and if the testimony reasonably points to a boundary line which fully meets the calls or designations of the deed, which embraces the quantity of land specified, that line should be accepted as the one intended by the instrument.

The boundary line of the land in dispute on the north and west, was land formerly owned by Salathiel Cole; that such was the boundary line was provided in the deed, and the court, sitting as a jury, doubtless found that the boundary line on the north and west was the Mathias Lepp tract, which was formerly owned by Salathiel Cole. This finding gave full force to the entire description, including quantity, as well as other matters of description.

It is insisted by appellant that the provision in the deed referring to a boundary by land formerly owned by Salathiel Cole, excluded the idea of any intention to convey any land that formerly belonged to Salathiel

Cole. We can not agree to this contention; while it is a fact, worthy of consideration, yet it is by no means a controlling one in ascertaining the grantor's intention. We have in this case ten acres of land owned by John C. Cole, part of which Salathiel Cole never owned, and part of which he had formerly owned. If the grantor desired to convey this ten acres, and the presumption is that he intended to convey that quantity, we see no reason why he could not by a conveyance fix a boundary line by land formerly owned by Salathiel Cole, which would embrace the entire ten acres, even though a part of the land conveyed had formerly belonged to Salathiel Cole.

As to where the boundary line was in this case under the evidence, was a question of fact to be determined by the court sitting as a jury.

Mr. Dover, the old surveyor, made a survey of this land from plaintiff's deed; he says that according to his survey the land in dispute is embraced in the conveyance to plaintiff. Doubtless in making this survey he took into consideration, not only the calls for boundary lines, but as well the call for quantity. Considering both, he doubtless found that the Mathias Lepp tract furnished a definite boundary, fully meeting the call in the deed, and at the same time embracing the quantity of land designated in the conveyance. On the other hand, to survey the land described in plaintiff's deed, and make the five-acre tract, which formerly belonged to Salathiel Cole, and which is the land in suit, the boundary line, and thereby limit the amount of land conveyed by the deed to five acres, would practically be ignoring a part of the description of the land, that is, the quantity, ten acres. If the Mathias Lepp tract was not there, and did not furnish an equally definite boundary as the five-acre tract, there would be presented an entirely different proposition.

It is next insisted by learned counsel for appellant that the five-acre tract in suit was conveyed at one

time by John C. Cole to Salathiel Cole by a definite description, and it is argued that, had the grantor intended to embrace that tract in his deed to the plaintiff, he would have adopted the description by which it had been formerly conveyed. This would be a forceful argument had the grantor, John C. Cole, only embraced in his deed a five-acre tract, but by this deed he undertakes to convey ten acres, and there is no reason why he should not describe it in such manner and by such boundaries as would embrace the ten acres, instead of describing each five acres separately.

There is no necessity for pursuing this subject further. The record discloses great care on the part of the trial judge to correctly construe the deed upon which this entire case rests and to properly ascertain the true boundary line of the land in dispute, which was a question of fact, and we are unwilling to disturb his finding in that respect.

There was no error in the refusal of the court to declare the law as requested by defendant. That instruction failed to recognize material parts of the description of the land as contained in the deed, as well as substantial testimony tending to show the location of the boundary line at a point that fully met and covered the calls as made in the deed.

The plat of the land in suit as made by Mr. Dover, of so many years' experience, is not before us; the record discloses it was before the trial judge; he heard all the testimony and made his finding for the plaintiff, and there is sufficient evidence to support his finding, and the judgment should be affirmed, and it is so ordered.

All concur.